UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | J. Pedro Zarate | **Case No :** | 13−22346 − C − 13C |
| | | **Date :** | 9/10/13 |
| | | **Time :** | 02:00 |

| | |
|---|---|
| **Matter :** | [92] – Motion/Application to Convert Case From Chapter 13 to Chapter 7 [DMW−1] Filed by Creditor Sterling Savings Bank (Fee Paid $25) (jlns) |
| **Judge :** | Ronald H. Sargis |
| **Courtroom Deputy :** | Janet Larson |
| **Reporter :** | Diamond Reporters |
| **Department :** | C |

**APPEARANCES for :**
**Movant(s) :**
    Creditor's Attorney – David Wiseblood
**Respondent(s) :**
    Debtor – J. Pedro Zarate
    Neil Enmark (for the Trustee)

MOTION was :
Granted
See Findings of Fact and Conclusions of Law Below

The court will issue a minute order.

Local Rule 9014−1(f)(2) Motion – No Opposition Filed.

Correct Notice Provided. The Proof of Service states that the Motion and supporting pleadings were served on Debtor, Debtors attorney, Chapter 13 Trustee, all creditors, and Office of the United States Trustee on August 20, 2013. 14 days notice is required. That requirement was met.

The Motion to Convert was properly set for hearing on the notice required by Local Bankruptcy Rule 9014−1(f)(2). Consequently, the creditors, the Trustee, the U.S. Trustee, and any other parties in interest were not required to file a written response or opposition to the motion.

The Motion is granted and the case is converted to one under Chapter 7,

Creditor, Sterling Savings Bank, moves the court to convert Debtors case from Chapter 13 to Chapter 7, pursuant to 11 U.S.C. § 1307(c). Creditor moves based on the following reasons:

(1.) Unreasonable delay that is prejudicial to creditors. Creditor asserts Debtors delay includes filing five previous Chapter 13 bankruptcy cases in serial fashion, all dismissed because Debtor did not comply with court and code requirements.

(2.) Not filing a plan timely pursuant to 11 U.S.C. § 1321.

(3.) Not commencing timely payments pursuant to 11 U.S.C. § 1336.

(4.) Denial of confirmation of a plan under 11 U.S.C. § 1325.

(5.) Debtors inability to confirm a Chapter 13 plan, based on bad faith and repeated material violations of

the requirements mandated by federal bankruptcy law, including false disclosures and omissions. Debtor has prosecuted undisclosed lawsuits, providing false disclosures in his statements that he was not a party to any pending litigation prior to the filing of the case.

On request of a party in interest, and after notice and a hearing, the court may convert or dismiss a case, whichever is in the best interest of creditors and the estate, under this chapter to a case under chapter 7 for cause. 11 U.S.C. § 1307(c). Here, Creditor argues cause exists to convert the case pursuant to 11 U.S.C. § 1307(c)(1) & (3)–(5).

Under 11 U.S.C. § 1307(c)(1), the court may convert or dismiss a case for unreasonably delay by the debtor that is prejudicial to creditors. Creditor concludes, without argument, that creditors were prejudiced by Debtors previous filing of five chapter 13 cases, which were dismissed due to his own shortcomings.

Under 11 U.S.C. § 1307(c)(3), the court may convert or dismiss a case for failure to file a plan timely under section 1321" of the bankruptcy code. Debtor filed a plan on March 12, 2013 (Dkt. 26) but did not file a Motion to Confirm with the plan. Debtor has not filed a subsequent amended plan.

Under 11 U.S.C. § 1307(c)(4), the court may convert or dismiss a case for failure to commence making timely payments under section 1326" of the bankruptcy code. As evidenced by the Chapter 13 Trustees Motion to Dismiss, filed on March 28, 2013, Debtor was not making timely plan payments. It is unclear whether Debtor has remedied this issue.

Under 11 U.S.C. § 1307(c)(5), the court may convert or dismiss a case for denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan. Debtor has not filed a motion to confirm his pending plan and, therefore, there is no denial of confirmation in the instant case upon which Creditors argument can stand.

Creditor presents information that may justify either conversion or dismissal in this case. The Chapter 13 Trustee filed a Motion to Dismiss Debtors case on March 28, 2013 for reasons similar to Creditors Motion to Convert. The hearing on Trustees Motion was continued multiple times to allow Debtor to submit missing information.

At the hearing the Debtor presented an opposition, but the opposition failed to present grounds for which further hearing would be of assistance. Though the Debtor has filed, and had dismissed, prior multiple cases, he is not actively prosecuting the present case. His intention to do so in the future is unsupported by any apparent ability to so do.

Taking the Schedules I and J filed in the present and prior cases, the Debtor had more than $18,000.00 a month in income to fund a rehabilitation of his finances. Case by case he began losing the properties generating the income to foreclosure. He is now to the point without income to fund a plan, but merely argues that he wants to sue the lenders. Though these disputes have been ongoing for years, such litigation is not and has not been actively prosecuted.

Conversion of the case to Chapter 7 is proper. The Debtor can meet with and explain the value of the claims against various lenders to the Trustee. If of value in the eyes of the Trustee, the Trustee may well be able to engage knowledgeable counsel to prosecute those claims. If the Trustee does not believe the claims have value, he or she can abandon the claims to the Debtor. The Debtor, for better or worse, can continue in his efforts to prosecute such claims. But it is clear based on the evidence before the court, such claims will not or cannot be prosecuted by the Debtor in the context of a Chapter 13 case.

Cause being shown, the case is converted to one under Chapter 7.