

THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
LORIS L. BAKKEN (California State Bar No. 215033)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California  95202
Telephone: (209) 943-2004
Facsimile:  (209) 943-0905

Attorneys for Chapter 7 Trustee
GEOFFREY RICHARDS

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | NO: 13-22346-C-7 |
| | DC No.: SLF 3 |
| J. PEDRO ZARATE, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION TO COMPEL TURNOVER OF PROPERTY** |
| Debtor. | |
| | **Date: January 7, 2014** |
| | **Time:  9:30 a.m.** |
| | **Place: Department C** |
| | **The Honorable Christopher M. Klein** |

## I.
## PRELIMINARY STATEMENT

Chapter 7 Trustee Geoffrey Richards respectfully submits this Memorandum of Points and Authorities in support of his motion to compel turnover of the following property of the estate:

        i.      2003 Hummer H2,

        ii.     2004 Dodge Ram Truck,

        iii.    1999 Dodge Ram Van,

(collectively the "Vehicles").

Mr. Richards makes this motion because he asked the Debtor to turn over the Vehicles but the Debtor refused to do so even though they are indisputably valuable property of the estate (which the Debtor does not dispute).

Mr. Richards respectfully requests that this Court order the Debtor to turn over the Vehicles pursuant to 11 U.S.C. Sections 521, 541, and 542 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

## II.
## STATEMENT OF FACTS

1.     The Debtor is a serial bankruptcy filer. He has filed no fewer than six bankruptcy cases in this Court over the last five years. The first five cases were all Chapter 13 cases that this Court eventually dismissed.[1] This Court dismissed those cases because the Debtor failed to comply with Court and Bankruptcy Code requirements, including failure to pay fees, failure to file documents, failure to make plan payments, failure to adequately notice the plan, and bad faith.

---

1      Those cases are: Case No. 08-34307, filed October 3, 2008; Case No. 09-40590, filed September 24, 2009; Case No. 11-40715, filed August 25, 2011; Case No. 11-48088, filed December 1, 2011; Case No. 12-26252, filed March 30, 2012; and the instant case, filed February 22, 2013.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO COMPEL     2
TURNOVER OF PROPERTY

2.      On February 22, 2013, the Debtor filed the instant case under Chapter 13, *pro se*. On September 16, 2013, on the motion of Creditor Sterling Savings Bank, the Court ordered this case converted to Chapter 7 because of unreasonable delay caused by the Debtor's failure timely to file a proposed plan, commence plan payments, and obtain confirmation of a plan. (Docket No. 140). Geoffrey Richards was appointed Chapter 7 Trustee. (Docket No. 141).

3.      On the Debtor's schedules, he disclosed the Vehicles, as follows:

i.      The 2003 Hummer H2 valued at $6,000, no exemption, and a secured claim of $4,000 held by JP Morgan Chase Bank, N.A.;

ii.      The 2004 Dodge Ram Truck valued at $4,000, no exemption, and a secured claim of $803.00 held by GM Financial;

iii.      The 1999 Dodge Ram Van valued at $1,500, exemption of $1,500 under C.C.P. Section 703.140(b)(2), and no secured claims. (Docket No. 27).

4.      Mr. Richards reviewed the schedules and conducted an investigation of the Vehicles and their values. (Richards Decl., ¶ 2). The Debtor's own schedules show there is equity for the estate in the Hummer and Dodge Ram Truck.

5.      Moreover, the Hummer is potentially undervalued. The Debtor valued it at $6000, but on September 24, 2013, Creditor JPMorgan Chase Bank, N.A. filed a motion for relief from stay as to the Hummer and it values the Hummer at $16,475.00. (Docket No. 150).

6.      Based on this analysis, Mr. Richards believes the nonexempt value of the Vehicles is of value to the estate and he can liquidate the Vehicles for the benefit of creditors. (Richards Decl. ¶ 3).

7.      On multiple occasions throughout this case, Mr. Richards has urged the Debtor to seek and retain competent bankruptcy counsel to advise him. Mr. Richards has also urged him to amend his schedules to disclose all property and claim all applicable exemptions.

Despite Mr. Richards' urgings, the Debtor has not amended his schedules and, to Mr. Richards' knowledge, has not employed counsel. (Richards Decl. ¶ 4).

    8.    On December 12, 2013, the Debtor filed an ex parte application to dismiss this case. (Docket No. 214). He failed to set the application for hearing.

    9.    On December 12, 2013, Mr. Richards filed a statement regarding the application, stating that the Debtor improperly filed the application without setting it for hearing, that the Debtor lacks grounds for dismissal of the case, and that there are substantial assets to administer for the benefit of the estate. Mr. Richards' statement noted that if the application is set for hearing, or refiled with proper notice and hearing, Mr. Richards intends to oppose the application. (Docket No. 220).

    10.    On December 17, 2013, Mr. Richards' counsel sent an email to the Debtor requesting turnover of the Vehicles. (Richards Decl. ¶ 5; Ex. A).

    11.    On December 18, 2013, the Debtor sent an email to Mr. Richards' counsel requesting Mr. Richards wait until the Court ruled on the Debtor's improper ex parte application to dismiss. (Richards Decl. ¶ 6; Ex. B).

    12.    That same day, Mr. Richards' counsel sent an email to the Debtor declining to do so because the Debtor's application to dismiss this case was improperly filed and the Debtor has no legal grounds for dismissal. The email again requested turnover of the Vehicles, and also stated that the Debtor could make an offer to Mr. Richards to buy the bankruptcy estate's interest in the Vehicles. (Richards Decl. ¶ 7; Ex. C).

    13.    The Debtor failed to respond to the email and failed to make an offer to Mr. Richards to buy the bankruptcy estate's interest in the Vehicles. (Richards Decl. ¶ 8).

    14.    To date, the Debtor has failed to turn over possession of the Vehicles. (Richards Decl. ¶ 9).

## III.
## THE COURT SHOULD ORDER THE DEBTOR TO TURN OVER
## THE VEHICLES BECAUSE THEY ARE PROPERTY OF THE ESTATE

This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(b)(1) and (2) and 1334(e)(1). This is a core matter under 28 U.S.C. Section 157(b)(2)(A) (matters concerning administration), (E) (orders to turn over property of the estate), and (O) (proceedings affecting the liquidation of assets of the estate).

Title 11 U.S.C. Section 541(a)(1) states that the commencement of a bankruptcy case creates an estate that includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Title 11 U.S.C. Section 521(a)(4) provides: "if a trustee is serving in the case" the Debtor has a duty to "surrender to the trustee all property of the estate." Moreover, Section 542(a) requires one in possession of property of the estate to deliver such property to the trustee. It states:

> [A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease, or that the debtor may exempt under Section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Rule 7001 of the Federal Rules of Bankruptcy Procedure allows a trustee to obtain turnover from the Debtor by motion by expressly excluding a proceeding seeking turn over from the debtor from the requirement of proceeding by adversary proceeding: "The following are adversary proceedings: (1) a proceeding to recover money or property, *other than a proceeding to compel the debtor to deliver property to the trustee*." (Emphasis added). *See* Advisory Committee Comment Note – 1987 Amendment ("A trustee may proceed by motion to recover property from the debtor.").

In the instant case, the Debtor has a duty to turn over to Mr. Richards all property of the estate. The Vehicles are property of the estate. Therefore, this Court should order the Debtor to turn over the Vehicles. *See, e.g., In re Lah*, 91 B.R. 441 (N.D. Oh. 1988) (ordering debtors to turn over property of the estate to Chapter 7 trustee); *In re Gerwer*, 898 F.2d 730,

734 (9th Cir. 1990) (turnover is a core proceeding and Chapter 7 trustee can seek turnover of property of the estate by motion).

The Debtor's improper application to dismiss has no impact on the Debtor's duty to turn over all property of the estate. First, a debtor has the above statutory duties to turn over property of the estate.

Second, The Debtor failed to set his application to dismiss for hearing as required by 11 U.S.C. Section 707(a) and Federal Rule of Bankruptcy Procedure 1017(a).

Third, the Debtor lacks grounds for dismissal of this case. There are substantial assets to administer for the benefit of the estate, such that dismissal of the case would unfairly prejudice the creditors.

Mr. Richards respectfully requests that the Court order the Debtor to turn over the Vehicles to him immediately, and in any event within 10 days of entry of an order granting this motion.

## IV.
## CONCLUSION

The Court should grant this motion and grant such further and other relief as may be just and proper.

Dated: December 24, 2013

THE SUNTAG LAW FIRM
A Professional Corporation

By:  _/s/ Dana A. Suntag_____
DANA A. SUNTAG
Attorneys for Chapter 7 Trustee
GEOFFREY RICHARDS