1  David M. Wiseblood (SBN 115312)
   Law Offices of David M. Wiseblood
2  101 Montgomery Street, 27th Floor
   San Francisco, CA  94104
3  Telephone:  (415) 547-2700
   Facsimile:  (415) 547-2701
4  E-Mail:  dwiseblood@wisebloodlaw.com

5  Attorneys for Creditor
   STERLING SAVINGS BANK
6  (as successor by merger to Sonoma Bank)

7                    UNITED STATES BANKRUPTCY COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9                           SACRAMENTO DIVISION

10 | In re                          | Case No. 13-22346-C-13
11 |     J. PEDRO ZARATE,           | Chapter 13
12 |         Debtor.                | DCN:  HCS-2
13 |                                | **REPLY OF STERLING SAVINGS BANK TO DEBTOR'S OPPOSITION TO MOTION TO COMPROMISE CONTROVERSY**
14 |                                |
15 |                                | Date:   March 25, 2014
   |                                | Time:   9:30 a.m.
16 |                                | Dept.:  C
   |                                | Judge:  Hon. Christopher M. Klein
17

18

19     Sterling Savings Bank submits this reply to the Debtor's opposition.  In so doing, the
20 Bank joins in the arguments made by the Trustee to support the compromise, and in response to
21 the Debtor's opposition.  We write simply to emphasize the following few points.
22     The Debtor's "prematurity" argument is demonstrably wrong and false.  The declaration
23 of the Bank's state court counsel, Judith Whitehouse, also counsel in this case, confirms that
24 extensive discovery was propounded by the Debtor, with proper responses.  The July 2013 letter
25 to opposing counsel attached to Ms. Whitehouse's declaration succinctly explains the meritless
26 nature of the Debtor's undisclosed litigation claims that form the subject matter of the settlement
27 with the Trustee.
28

Sterling Reply to Debtor's Opposition                                    Case No. 13-22346-C-13
                                            1

1. The Debtor conspicuously has failed to respond to the *A & C* factors cited by the Trustee to support his opposition brief. These omissions should be construed as admissions as to the merits of the compromise.

The compromise *is* meritorious. The Bank believes strongly it has absolutely no liability to its defaulting borrower, the Debtor. The Debtor had, without ever seeking Bankruptcy Court approval to retain counsel in any of his bankruptcy cases and after failing to schedule the litigation claims, pursued litigation against the Bank in a vigorous fashion. The Trustee and the Bank have analyzed why on the facts and the law the Debtor's litigation claims are without merit. The Bank after the case was converted was not dealing with a fiduciary who simply "rolled over" or was represented by incompetent counsel. To the contrary, the Trustee negotiated vigorously, fairly and cautiously with the Bank while represented by very competent counsel. The Bank has made a business decision to settle with the Trustee on a claim that it values at zero but one which it realizes it will be forced to pay attorneys' fees to continue to defend if the Court denies the Trustee's motion. The Debtor does not explain or analyze why the settlement is unfair, or argue that it was the product of anything other than good faith, arm's length negotiations, or that the Estate will not benefit if the Court approves the settlement.

In short, the Debtor has provided the Court with no authority or evidence to deny the Trustee's Motion or to invade the business judgment he made in agreeing to a settlement with the Bank. The Court should grant the motion.

Respectfully submitted,

LAW OFFICES OF DAVID WISEBLOOD

Dated: March 18, 2014          By     /s/ David M. Wiseblood
                                David Wiseblood
                                Attorney for Creditor
                                STERLING SAVINGS BANK