Case 13-22346    Filed 04/21/14    Doc 325

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

---o0o---

HON. CHRISTOPHER M. KLEIN
DEPARTMENT C

Re:

J. PEDRO ZARATE,                    Bankruptcy No.
         Debtor.                    13-22346

Reporter's Transcript of Proceedings
Held on
March 25, 2014

REPORTED BY:   PRISCILLA BAKER, CSR NO. 13316

DIAMOND COURT REPORTERS
1107 2nd St., Suite 210
Sacramento, CA  95814
916-498-9288

APPEARANCES

The Debtor:
J. Pedro Zarate, appearing In Pro Per


For Sterling Savings Bank:
Wiseblood Law
BY:   DAVID WISEBLOOD, Esq.
101 Montgomery, Suite 2700
San Francisco CA   94104
(415)547-2700


For the Chapter 7 Trustee:
Herum/Crabtree/Suntag
BY:   DANA SUNTAG, Esq.
5757 Pacific Avenue, Suite 222
Stockton, CA 95207
(209) 472-7700

Case 13-22346   Filed 04/21/14   Doc 325

3

1                     ---oOo---

2  March 25, 2014                    Sacramento, California

3

4         THE COURT:  I believe the last items on the

5  9:30 calendar are items 16, 17, J. Zarate, objection to

6  trustee's order authorizing employment and motion to

7  compromise.

8         MR. SUNTAG:  Good morning, Your Honor, Dana

9  Suntag appearing on behalf of Chapter 7 Trustee,

10 Geoffrey Richards.

11        MR. WISEBLOOD:  Good morning, Your Honor.

12 David Wiseblood appearing on behalf of Sterling Savings

13 Bank, Successor to Sonoma National Bank on line 17 only.

14        MR. ZARATE:  Good morning, Your Honor.  I am

15 Pedro Zarate, the debtor in this case.

16        THE COURT:  It looks to me like the objection

17 to the order for employment is based on a reference to a

18 different hourly rate that was in the fee application,

19 and the trustee is responding, saying, that was a

20 mistake.

21        And not only that, but I believe in my order

22 authorizing employment in the first place refers to

23 using the Loan Star rate, not a contract fee rate in the

24 first place, and indicates that no contract fee is

25 valid.

Case 13-22346   Filed 04/21/14   Doc 325

4

1        And if I am understanding the situation here,
2  Mr. Suntag, this is just your practice of law has
3  evolved into a new organization Herum, Crabtree, Suntag;
4  and, therefore, this is just rolling over the employment
5  from you, individually, Law Offices of Dana Suntag into
6  a new entity.  Is that right?
7            MR. SUNTAG:  Correct, Your Honor.
8            THE COURT:  Then I am going to grant that
9  motion.
10           Mr. Zarate, is there a reason I should not
11 grant that?
12           MR. ZARATE:  I have another comment, Your
13 Honor.  The trustee is saying on a motion that he may
14 not -- the attorney that is not competent to litigate
15 his case, and I don't know if I will be able to submit
16 objections.
17           THE COURT:  Well, this is just -- Mr. Suntag is
18 counsel for Chapter 7 Trustee, routinely represents
19 Chapter 7 trustees, so I am satisfied he is competent to
20 undertake that task.  So that motion is granted.
21           The more important question is this motion to
22 compromise in controversy.  That is item 17.
23           Let me see if I understand the situation
24 correctly.  There is an action in San Joaquin County
25 Superior Court Sterling Bank v. Pedro Zarate, et al.

Case 13-22346    Filed 04/21/14    Doc 325

1  And the bank is seeking a specific performance under a
2  promissory note dating back to 2001, and the bank sought
3  the employment of a receiver with respect to real
4  property located on east Lindsay Street in Stockton,
5  California.  That was security for the loan.
6          The banks -- Sterling Bank's predecessor that
7  is why Mr. Wiseblood entered his appearance as Sterling
8  Bank as successor, et cetera, et cetera.  That was made
9  for the amount of $85,750.
10         And, Mr. Zarate, you have filed a
11 cross-complaint that is -- I can move it on to the level
12 of second amended cross complaint seeking damages on a
13 variety of a legal theories including fraudulent
14 inducement and breech of fiduciary duty, declaratory
15 relief, relief of summary of title, improper foreclosure
16 and quite title, things of that nature.
17         And the trustee has agreed to settle the matter
18 by paying the estate $20,000, and to purchase all of the
19 estate's interest in the claims.
20         That is the claims that are -- that you are
21 making against the bank because the trustee owns those.
22 Mr. Zarate, there is the property of the estate.  And,
23 of course, if the bank purchasers them, then they elect
24 not to sue themselves, and so the usual -- and you have
25 opposed that.  And the usual standard for reviewing the

1  settlement is it has to be fair and equitable, taking
2  into account probability of a successful litigation, the
3  difficulty of the matter, the extent associated with the
4  litigation, and then reviews of the creditors, should
5  they express the view.
6       But it is not uncommon for a debtor to say,
7  wait a minute, this is a trustee compromising a lawsuit
8  in a cause of action for something that I think is quite
9  valuable, and the trustee is compromising it for too
10 little money, and it is worth more.
11      And for that reason, it is one -- it is a
12 situation that is both a combination of a compromise and
13 the sale of an asset, just the nature of it, because a
14 cause of action in the lawsuit can be bought and sold.
15      So the -- at that point, then, in addition to
16 considering a compromise, I also consider whether there
17 is somebody that wants to pay more then the compromised
18 amount to the trustee to purchase the causes of the --
19 the estate's causes of action towards the lawsuit.  And,
20 often, it is the debt.  There is no:  I want to pay
21 more, and I guarantee the estate -- at least the amount
22 of the settlement, and the -- I want to bid.  In other
23 words, I want to pay more, and so the bank can decide
24 whether it wants to up the anti; in other words, we just
25 have a straightforward auction or bidding war.

1           And I understand your opposition to me saying
2  that the trustee is selling out cheap to cheap.
3           MR. ZARATE:  Not only that, Your Honor.  If I
4  may, I just have a couple comments.  Like I said
5  earlier, I trust your judgment.  And I really want to
6  believe your experienced judge, and I really want to
7  trust you.  I just have to express myself a little bit
8  and see if this case takes a different direction.
9           When my case was converted, Judge Sargis
10 explained to me if the trustee was not interested in my
11 case, you know, that, uh, then, if the, uh, case
12 reverted to me.  But for some reason, I guess, it didn't
13 work.  That is my understanding.
14          In regards to that, my point of views, one of
15 them is, like I said, the trustee in his own motion,
16 page 8, line 25, 26, he is saying that attorney is not
17 competent enough to litigate this case, so my question
18 would be, then, you know, maybe we are not really, uh,
19 have the case evaluated right, if that is his opinion.
20          Number two, apparently the bank has presented
21 that discovery has been indicated and -- or there has
22 been a lot of discovery, and my answer to that is, yes,
23 there was some discovery sent to the bank, but it was
24 never verified, and they omit mostly 80 percent of the
25 questions that could have been open, the decision today

Case 13-22346   Filed 04/21/14   Doc 325

8

1 because they avoided to answer those questions just

2 because a little mistake.

3 　　　　　The note says November 7th, and the pleadings

4 say November 16, so they base it on that to just deny

5 all questions about it.  So I think the only due process

6 on discovery, and the reason we are not coming back to

7 discovery yet is because, you know, they keep me busy

8 with motions, after motion on the state court, for a

9 total of 12 motions, to the demurs and strikes, and now

10 I understand it was without intention of increased limit

11 of my resources and then not being satisfied with that,

12 they then convert me to a Chapter 13 to a 7, which, you

13 know, makes me work more to try to defend all these

14 things.

15 　　　　　So another point that I believe is impossible

16 to settle right now is because very important party

17 trustee of the sale, which is TDS company, has not been

18 served yet.  And due to all this other work around it,

19 during the process of this case, and I believe this

20 important party owes due process on the foreclosure sale

21 because he violated 3934 codes, and I believe the sale

22 can be void.

23 　　　　　My other comment is -- oh, and then on to this

24 impossible to settle.  I have another reason to believe

25 that my case is stronger now because there has been --

1           COURT REPORTER:  There has been a what?

2           MR. ZARATE:  A cause of actions on state court

3  after all these demurs and strikes to survive, and I

4  believe if we go through discovery again, this will be

5  very important value to the case.

6           My other point is, yeah, the trustee is

7  complaining that I haven't supply him with a lot of

8  information to this case.  I believe they only made like

9  a few phone calls, and in a situation like this, I think

10 they supply the debtor with a questionnaire about a

11 lawsuit and, you know, all those questions -- all those

12 questions get answered by the debtor.  I believe they

13 will have more knowledge of the case.  They say more

14 rapidly just to ask more questions over the phone and

15 try to get an idea of what is going on.

16          And my last one is that some letter that the

17 bank sent to my attorney where they described -- there

18 was a broker involved on the purchase which, you know,

19 is not included in the closing documents, which also,

20 you know, it brings a lot of doubt about what really

21 what the bank was doing -- what was the duty of the bank

22 in regards to that, when they saying that I had a

23 broker, and it is not disclosed on the statement.  I

24 believe that that's all I can say, Your Honor.

25          THE COURT:  Mr. Zarate, if I understand the

Case 13-22346    Filed 04/21/14    Doc 325

10

1  situation correctly, and the reply that the trustee
2  provided, it says, look, here is this action that is
3  pending out in the state court.  And I have looked into
4  it, and I even talked with your lawyer, Mr. Zarate --
5  about your lawyer representing your estate.  Your lawyer
6  said no; would not be willing to do it.  Given that --
7  and then the trustee says -- what I think I just told
8  you anyway.  It says, finally, if you don't like the
9  compromise, you can just pay the trustee more than the
10 $20,000.  And then you would own the cause of action,
11 and you could keep on going in the state court.  So why
12 isn't that the -- you know, the solution?
13         MR. ZARATE:  Well, because, one, it is not
14 affordable to me.  And, second, you know, I told that --
15 according to Judge Sargis, it was going to be a
16 contingency -- the attorney was, like, for a contingency
17 in the case.  And now I understand it is not like an
18 insurance case, so I guess no one would be able to take
19 it as a contingency.
20         THE COURT:  Nobody is able to take your state
21 court case as a contingency because -- because the
22 lawyer that takes on a case with a contingency fee is,
23 in part, making a bet and making an educated guess that
24 the contingency will work out to the financial advantage
25 of the lawyer.

Case 13-22346   Filed 04/21/14   Doc 325

11

1       In other words, there will be recovery, and the
2  lawyer will get that.  So lawyers -- when in this case
3  kind of case a, if you cannot find a lawyer willing to
4  take the case on as a contingency fee, that is a little
5  bit of an indication that there is a lawyer out there
6  who doesn't think the case is worth very much.
7       MR. ZARATE:  That can be one.  But if you look
8  at the motion of the trustee that the attorney is not
9  competent to litigate, that can give you more questions
10 too.
11      THE COURT:  Well, the trustee's counsel,
12 Mr. Suntag, is not somebody that does this kind of
13 litigation, and there would need to have special
14 counsel, and trustees looked for special counsel, and
15 says they have not been able to find one, so that get us
16 down to the choice of whether you are willing to pay
17 more than the $20,000.
18      MR. ZARATE:  Why not abandon the case like
19 Mr. Sargis suggested?
20      THE COURT:  In other words, get you the ruling
21 that the compromise is not fair and equitable and,
22 therefore, not approve it.  And then let the trustee
23 throw up his hands and say, okay, the case is over.  I
24 am going to close the case.  And at that point, the
25 cause of action will be abandoned back to you and you

1  would own it.  I think that is what Judge Sargis

2  described to you --

3          MR. ZARATE:  Uh-huh.

4          THE COURT:  -- is an accurate statement of the

5  law.

6          MR. ZARATE:  And now that I am more

7  understanding about this, why don't we give ourselves,

8  if it is possible, another chance to run discovery

9  because, like I said, it was not verified with the bank.

10         THE COURT:  The trustee doesn't have a lawyer

11 handling the case at the moment.  So the discovery is at

12 a stop; that is why.  It is a chick in an egg problem.

13 The action, if I were to be persuaded that the overall

14 cause of action is not a significant value to the estate

15 and the interest of justice are not served by capturing

16 the proposed compromise, then --

17         MR. ZARATE:  Even though I can serve, and the

18 ten cause of actions are still surviving.

19         THE COURT:  Let me look at something.  Bear

20 with me.

21         MR. ZARATE:  I think I will be able to settle,

22 Your Honor, for a little more, maybe, you know.

23         I believe this amount would probably just pay

24 attorney's fees, and the creditors will not be able to

25 get anything.

1          THE COURT: I was just looking some more at the
2  record here. Well, to me the question is, Do you want
3  to pay more than the $20,000? If not, then I would
4  consider the compromise just on the merits of the
5  compromise.
6          MR. ZARATE: I will say, no, I cannot afford at
7  this time, and my option will be proof -- another chance
8  to prove that this settlement would be increased and
9  creditors may be paid more, which would not benefit me
10 on the discharge.
11         THE COURT: I am not seeing any priority debt
12 claims, and I looked at the list of claims in the case.
13 I see there are a number of secured claims, and I see
14 there are four unsecured creditors. So I am not seeing
15 that you have nondischargeable debt out there or debt.
16         MR. ZARATE: All right.
17         THE COURT: That would be coming after you --
18 after the bankruptcy case is over.
19         MR. ZARATE: All right. My other concern would
20 be I didn't understand what was going on, and, probably,
21 the trustee will not have yet understand my case, and,
22 you know, that can be a reason why it is so low.
23         THE COURT: The other thing that is relevant
24 here is that this is not your first bankruptcy case;
25 right?

1      MR. ZARATE:  Right.

2      THE COURT:  How many prior cases?

3      MR. WISEBLOOD:  This is his sixth case, Your

4 Honor.  And that doesn't count the debtor's wife, which

5 would make it seven since 2008.

6      THE COURT:  So the -- that also influences my

7 thinking.  You have been running this problem a lot.

8      MR. ZARATE:  Right.  I understand your point,

9 Your Honor so --

10     THE COURT:  Okay.  Anything else from your

11 standpoint?

12     MR. ZARATE:  Well, we can talk forever here.

13     THE COURT:  You are saying that you don't

14 propose to outbid the bank, to have me treat it as a

15 sale, and so you really want me to just consider the

16 compromise on the basis that it is not fair and

17 equitable.  And in effect, have me tell the trustee to

18 just close out the case, and let the cause of action be

19 abandoned to you so you can keep chasing them -- is it

20 San Joaquin County Superior Court?

21     MR. ZARATE:  Uh-huh.

22     THE COURT:  That is what you want to have

23 happen?

24     MR. ZARATE:  I believe still, you know, more --

25 I mean I understand Your Honor's decision.  It is hard.

1  It is a mess, but I have been working hard on this

2  property for ten years, and it got foreclosed.  And it

3  is also a pain for me.

4          THE COURT:  All right.  I am going to take the

5  compromise as submitted.

6          And, Mr. Wiseblood, is there anything you want

7  to add to the equation.

8          MR. WISEBLOOD:  No, Your Honor.  I don't know

9  if Mr. Suntag has any comment.

10         MR. SUNTAG:  Your Honor, the other thing I

11 would say is that the Court has seen many of these

12 foreclosure cases, and they are very difficult cases to

13 win, particularly, when the debtor received the loan,

14 and we have seen a lot.  And we have been successful at

15 settling only very few of them and have not actual seen

16 a case that had merit that warranted going forward.

17         So we think this is a very good settlement for

18 the creditors.  No creditor has opposed it.  The estate

19 has incurred an exorbitant amount of attorney fees as a

20 result of having to deal with Mr. Zarate throughout this

21 case.  We will be reducing our fee application

22 accordingly, unfortunately.  But that is the way it will

23 work.  But again we think this settlement is fair and

24 equitable and we ask the Court to approve it.

25         THE COURT:  I am going to take it and submit

16

1  it.

2          MR. SUNTAG:  Thank you.

5          (Whereupon, the above proceedings concluded.)

7                     ---o0o---

1  UNITED STATES BANKRUPTCY COURT )
   EASTERN DISTRICT CALIFORNIA    )
2

3

4           I, PRISCILLA BAKER, Court Reporter,

5  do hereby certify:

6           That I was present at the hearing of the

7  above-entitled matter, that at said time and place, I

8  took down in shorthand notes all the testimony given and

9  proceedings had; that I thereafter caused said shorthand

10 notes to be transcribed into longhand typewriting by

11 computer-aided transcription, the above and foregoing

12 being a full, true and correct transcript of all

13 testimony taken and proceedings had.

14

15

16                       s/Priscilla Baker

17                       _____
                         PRISCILLA BAKER CSR NO. 13316
18

19

20

21

22

23

24

25