HERUM\CRABTREE\SUNTAG
A California Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
LORIS L. BAKKEN (California State Bar No. 215033)
5757 Pacific Avenue, Suite 222
Stockton, California  95207
Telephone: (209) 472-7700
Facsimile:   (209) 472-7986

Attorneys for Chapter 7 Trustee
GEOFFREY RICHARDS

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>J. PEDRO ZARATE,<br><br>         Debtor. | NO: 13-22346-C-7<br><br>DC No.: HCS 3<br><br>**MOTION TO ABANDON PROPERTY OF THE ESTATE**<br><br>Date: May 27, 2014<br>Time: 9:30 a.m.<br>Place: Department C<br>The Honorable Christopher M. Klein |

Chapter 7 Trustee Geoffrey Richards respectfully requests Court authorization[1] to abandon the following real properties listed on Debtor's Schedule A:

    i)    8192 Creek Estates Way, Sacramento, California (the "Creek Estates Property"); and

    ii)    10826 Walmort Road, Wilton, California (the "Walmort Property"), (collectively, the "Properties").

The Trustee wishes to abandon the Properties because there is no equity in the Properties and, therefore, they are burdensome to the estate, are of inconsequential value, and provide no benefit to the estate.

In support of this motion, the Trustee represents the following:

1. On February 22, 2013, the Debtor filed the instant case under Chapter 13, *pro se*. On September 16, 2013, the Court ordered the case converted to Chapter 7. (Docket No. 140). Geoffrey Richards was appointed Chapter 7 Trustee. (Docket No. 141).

2. In his schedules, the Debtor disclosed property values, exemptions, and secured claims on the Properties as follows:

    (i)    Creek Estates Property: value of $388,300, no exemptions, and no secured claims;

    (ii)    Walmort Property: value of $260,500, no exemptions, and no secured claims.

(Docket No. 27).

3. Creditor Bank of America, N.A. filed a secured claim for $973,077.50 based a promissory note executed by the Debtor and secured by a deed of trust on the Creek Estates Property. The claim appears to be valid. (Claim No. 5-1).

---

[1] The Trustee believes Bankruptcy Code Section 554 and Rule 6007 of the Federal Rules of Bankruptcy Procedure allow trustee abandonment to occur simply by appropriate notice (assuming no party timely objects). Here, the Trustee is proceeding by motion to obtain an order, consistent with this Court's General Order EDC 4-862.

4.      Creditor The Bank of New York Mellon filed a secured claim for $817,514.26 based a promissory note executed by the Debtor and secured by a deed of trust on the Walmort Property. The claim appears to be valid. (Claim No. 6-1).

5.      In addition, on March 31, 2014, Creditor The Bank of New York Mellon filed a Motion for Relief from Automatic Stay related to the Walmort Property in which it states the Debtor owes $852,620.64 on the Walmort Property. The bank does not dispute the Debtor's valuation of the Walmort Property. (Docket No. 306).

6.      The Trustee has investigated the tax implications of a foreclosure sale of the Properties. He also determined that based on the value and outstanding liens on the Properties, a sale of either of the Properties would not produce any equity for the bankruptcy estate. (Richards Decl., ¶ 2).

7.      Bankruptcy Code Section 554(a) states that the Trustee, after notice and a hearing, may abandon property of the estate that is burdensome to the estate or of inconsequential value and benefit to the estate.

8.      The Trustee does not dispute the Debtor's stated value of the Properties or the banks' representations regarding the amount of their liens on the Properties. Because the lien amounts greatly exceed the values, the Properties have no equity for the bankruptcy estate. (Richards Decl., ¶ 3-4).

THEREFORE, the Trustee respectfully requests that the Court authorize him to abandon the Properties, and that it grant such other and further relief as is appropriate.

Dated: April 25, 2014

HERUM\CRABTREE\SUNTAG
A California Professional Corporation

By: /s/ Dana A. Suntag
DANA A. SUNTAG
Attorneys for Chapter 7 Trustee
GEOFFREY RICHARDS