1  David M. Wiseblood (SBN 115312)
   Law Offices of David M. Wiseblood
2  601 Montgomery Street, Suite 2000
   San Francisco, CA  94111
3  Telephone:  (415) 547-2700
   Facsimile:  (415) 547-2701
4  E-Mail:  dwiseblood@wisebloodlaw.com

5  Attorneys for Creditor
   UMPQUA BANK, successor by merger to
6  STERLING SAVINGS BANK
   (as successor by merger to Sonoma Bank)

7
                    UNITED STATES BANKRUPTCY COURT
8
                    EASTERN DISTRICT OF CALIFORNIA
9
                         SACRAMENTO DIVISION
10

11 | In re                        | Case No. 13-22346-C-7
   |                              |
12 |     J. PEDRO ZARATE,         | Chapter 7
   |                              |
13 |         Debtor.              | DCN:  HCS-2
   |                              |
14 |                              | **RESPONSE OF UMPQUA BANK, SUCCESSOR BY MERGER TO STERLING SAVINGS BANK, TO DEBTOR'S NOTICE OF INTENT TO CONTINUE MEDIATION IN ANTICIPATION OF JUDICIAL MEDIATION CONFERENCE SET FOR CONFERENCE TO BE HELD JUNE 24, 2014; SUPPLEMENT TO OPPOSITION AGAINST COMPROMISE**
15 |                              |
16 |                              |
17 |                              |
   |                              |
18 |                              | Date:   July 1, 2014
   |                              | Time:   9:30
19 |                              | Place:  501 I Street, Sixth Floor, Sacramento, California; Department C, Courtroom 33
20 |                              | Judge:  Hon. Christopher M. Klein

21

22         Umpqua Bank, successor by merger to Sterling Savings Bank ("Bank") writes to respond

23  briefly to the contentions made by the Debtor in his above paper.

24         The Debtor claims without record citation or other support that the Bank violated some

25  mythical state court order by completing a foreclosure sale against its real property collateral

26  provided by the Debtor.  *See*, Debtor's Supplement to Opposition, 2:5-7, 4:9-21 and 7:14-15.

27  The Debtor is confused.  The San Joaquin County Superior Court enjoined *the Debtor*, not the

28  Bank.  The Debtor points to no court order after the San Joaquin County Superior Court

Response to Debtor's Notice of Intent                                Case No. 13-22346-C-7
                                        1

1 appointed a receiver and enjoined the Debtor that prohibited the Bank from completing a foreclosure sale on a defaulted fully matured real property secured commercial loan.  The Debtor comes forward with no evidence to support a different conclusion.  The Debtor never tried to enjoin the foreclosure sale.  The Debtor never filed or recorded a *lis pendens*.  The Debtor's misstatement of the record further militates in favor of approving the compromise.

The Debtor also suggests that somehow, a multitude of causes of actions survived the Bank's state court pleading challenges against his litigation claims that he did not bother to schedule in two of his bankruptcy cases.  Supplement to Opposition, 7:12-13.  The Debtor again is wrong.  Before the Court are conformed copies of the state court records showing that the Bank only demurred to three causes of action in the Debtor's cross-complaint.  Two of the demurrers were sustained. The Trustee has analyzed the estate's other causes of action that did not lend themselves to a "pleading challenge" and the difficulties in proving them based on the thousands of pages of documents that have been made available to him through the litigation, notwithstanding the Debtor's false claim that the state court litigation is in its nascent stages. The Debtor's misstatements further support approval of the compromise before the Court.

                                        Respectfully submitted,

                                        LAW OFFICES OF DAVID WISEBLOOD

Dated:  June 27, 2014                By      /s/ David M. Wiseblood
                                              David Wiseblood
                                              Attorney for Creditor
                                              UMPQUA BANK, successor by merger to
                                              STERLING SAVINGS BANK