

FILED
JUL - 9 2014
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 13-22346-C-7 |
| J. PEDRO ZARATE, | DC No. HCS-2 |
| Debtor(s). | |

### ORDER ON CHAPTER 7 TRUSTEE GEOFFREY RICHARDS' MOTION TO COMPROMISE CONTROVERSY

This is a contested motion to compromise controversy that has been the subject of prior hearings. This court previously took the matter as submitted and then restored it to calendar because the court was uncertain about whether the debtor had been treated fairly. Accordingly, it authorized a resolution advocate to meet with the parties pursuant to this court's Bankruptcy Dispute Resolution Program. Thereafter, judicial mediation was ordered and was conducted by the Honorable Ronald Sargis.

The debtor has been advised on multiple occasions, including most recently by Judge Sargis on June 24, 2014, that he needs to come forth with facts and evidence to support facts that demonstrate that there is more merit to his contentions than heretofore has appeared.

This court gave Mr. Zarate until 10:00 a.m. on Thursday, July 3, 2014, one last chance to present information to the trustee. Mr. Zarate did send the trustee additional emails along

with copies of loan and foreclosure documents, so the court once again restored the matter to calendar and set a hearing for July 8, 2014. At the hearing, the trustee reiterated his position that the settlement with the bank was in the best interest of creditors.

The court will now return to the question whether the compromise is fair and equitable taking into account the probability of success in litigation, difficulties, if any, to be encountered in the matter of collection, complexity of litigation, the expense, inconvenience, and delay necessarily attending it, and the interests of creditors that express a view.

As to probability of success, the probability of success appears to be low. Mr. Zarate has repeatedly been asked for evidence to back up his contentions regarding this $85,750 commercial loan. The evidence has not been forthcoming. What has been forthcoming are technical assertions that Mr. Zarate was not represented by a broker and that his spouse was not party to the loan. The bank has presented information that goes beyond those assertions and other assertions made by Mr. Zarate. Thus, there are questions of fact that would need to be resolved.

Since it is a lender liability situation, the litigation would be complex and the outcome uncertain. The offer to the trustee of $20,000 appears likely to exceed the net amount that could be achieved in litigation when probability of success is applied against theoretical liability to establish expected liability.

Expense, inconvenience, and delay are manifest. Litigation would be costly, fact-specific, and consume a considerable amount of time.

Collectibility does not appear to be a factor in that if the bank were held liable, the bank is sufficiently solvent to pay any judgment.

Finally, no creditor has opposed the compromise. Creditors stand to receive some small dividend if the compromise is accepted and nothing if the compromise is not accepted.

In sum, the court is persuaded that, under the totality of the factors, the compromise is fair and equitable.

IT IS ORDERED that the compromise is APPROVED.

Dated: July 8, 2014.

_____
UNITED STATES BANKRUPTCY JUDGE

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

J. Pedro Zarate
8192 Creek Estates Way
Sacramento CA 95829

Dana A. Suntag
5757 Pacific, #222
Stockton CA 95207

David M. Wiseblood
601 Montgomery Street, Suite 2000
San Francisco CA 94111